IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

JAMES F. BROWN                                                                               PETITIONER

                         v.                                Civil No.06-1011

KEN JONES, Sheriff                                                    RESPONDENT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS

Petitioner, James F. Brown, a prisoner in the Union County Jail, has filed herein a petition for writ of habeas corpus pursuant to *28 U.S.C. §2254*. (Doc. #1) The respondent is the Sheriff of Union County, Arkansas and Petitioner's custodian. Jones filed a response herein on March 23, 2006. (Doc. #4)

Petitioner asserts that he is being wrongfully held in the Union County Jail, specifically asserting that: he was falsely arrested in that no warrant for arrest was outstanding at the time of his arrest; he was arrested for a felony when the charge should be a misdemeanor; he was subjected to an illegal search, criminal trespass and entrapment, at the time of his arrest; his arrest constitutes kidnaping in violation of his "civil rights"; and, his bond is excessive. (Doc. #1)

According to the petition, at the time of its filing, Petitioner was a pretrial detainee in the Union County Jail. In fact, Petitioner alleges that no charges have been formally filed against him as of the date of the filing of the petition.

*28 U.S.C. §2241* provides relief for persons "in custody in violation of the Constitution or laws or treaties of the United States." Under this statute, relief is not restricted to persons in custody pursuant to the judgment of a state court as is the case under *28 U.S.C. §2254*. *28 U.S.C. §2241(c)(3)* A petition challenging ongoing state criminal proceedings may be properly

brought under *28 U.S.C. §2241*. *See Davis v. Muellar*, 643 F.2d 521, 522 (8th Cir. 1981); *Stringer v. Williams*, 161 F.3d 259, 262 (5th Cir. 1998)(construing petition seeking release from pending state criminal proceeding as brought under *§2241*). Since Petitioner challenges his *pretrial* incarceration, his petition is more properly considered as a petition filed under *28 U.S.C. §2241*.

Before pursuing relief under *§2241*, a state pretrial detainee must fully exhaust his state remedies. *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 490-91 (1973); *Moore v. De Young*, 595 F.2d 437, 442-43 (3rd Cir. 1975); *Dickerson v. State*, 816 F.2d 220, 225 (5th Cir.), *cert. denied,* 484 U.S. 956 (1987). In order to exhaust his claims, Petitioner must "fairly present" his claims to the state court. *Picard v. Connor*, 404 U.S. 270 (1981).

> [A]lthough §2241 establishes jurisdiction in the federal courts to consider pretrial habeas corpus petitions, the courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state courts or by other state procedures available to the petitioner. Abstention from the exercise of the habeas corpus jurisdiction is justified by the doctrine of comity, a recognition of the concurrent jurisdiction crated by our federal system of government in the separate state and national sovereignties. Intrusion into state proceedings already underway is warranted only in extraordinary circumstances.

*Atkins v. Michigan*, 644 F.2d 543, 546 (6th Cir. 1981).

Here, Petitioner's criminal prosecution has just begun and he has not asserted his pending claims and defenses in the ongoing state criminal prosecution.

Since Petitioner has failed to exhaust his available state remedies, this court should refrain from interfering with the ongoing state prosecution.

**Conclusion:**

Accordingly, it is recommended that Petitioner's pending petition be dismissed without prejudice to afford Petitioner an opportunity to exhaust all available state remedies.

**The parties have ten (10) days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 3rd day of October 2006.

                                                                                   /s/ *Bobby E. Shepherd*
                                                                                   HON. BOBBY E. SHEPHERD
                                                                                  UNITED STATES MAGISTRATE JUDGE